THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE
CHRISTIAN, Appellant.

First Department, December 20, 1907.

Crime — unauthorized practice of medicine.

The court will not apply any hard and fast rule in determining what acts consti-
tute practice of medicine without authorization and registration contrary to
the statute.

APPEAL by the defendant, Eugene Christian, from a judgment of
the Court of Special Sessions of the first division of the city of New
York, rendered on the 4th day of April, 1907, convicting the
defendant of the crime of unlawfully practicing medicine.[*]

Samuel M. Gardenhire, of counsel [Gardenhire & Jetmore],
for the appellant.

Robert S. Johnstone, of counsel [William Travers Jerome, Dis-
trict Attorney], for the respondent.

PER CURIAM:

The information accused the defendant of the crime of practic-
ing medicine without lawful authorization and registration. We
have carefully examined the record in this case and have reached
the conclusion that upon the facts presented the defendant had not
committed the crime charged.

In People v. Allcutt (117 App. Div. 546; affd., 189 N. Y. 517),
this court said: "It may be difficult by a precise definition to draw
the line between where nursing ends and the practice of medicine
begins, and the court should not attempt, in construing this statute
to lay down in any case a hard and fast rule upon the subject, as
the courts have never undertaken to mark the limits of the police
power of the State or to have precisely defined what constitutes
fraud. What the courts have done is to say that given legislation
was or was not within the limits of the police power, or that certain

---

* See Public Health Law (Laws of 1893, chap. 661), § 153, as amd. by Laws of
1895, chap. 398, and Laws of 1905, chap. 455. See also Laws of 1907, chap. 344,
§§ 15, 16. This case arose under the Public Health Law.— [REP.

actions were or were not fraudulent." We thereupon proceeded to review all of the facts in that case and drew the conclusion therefrom that Allcutt came within the purview of the statute prohibiting the practice of medicine without being lawfully authorized and registered, and sustained the conviction.

In the case at bar the learned district attorney has collated certain of the facts which were similar to those presented in the *Allcutt* case, and upon them urges that the judgment should be affirmed. But there were other facts of great importance to the conclusion reached in the *Allcutt* case not present here. It would serve no useful purpose to set forth the evidence because, as we have said, the court declines to lay down a hard and fast rule in such cases.

As upon the whole case we find that no crime was committed and that the defendant was improperly convicted, the judgment appealed from should be reversed.

Present — PATTERSON, P. J., INGRAHAM, McLAUGHLIN, CLARKE and HOUGHTON, JJ.

Judgment reversed. Settle order on notice.